## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **YOLLA DEMIAN DAHER** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **AMICA MUTUAL INSURANCE COMPANY** | * | **JUDGE:** |
| **AND ERIN M. ZUMDAHL** | * | |
| | * | **MAGISTRATE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:    The Honorable Judges of the
       United States District Court for the
       Middle District of Louisiana

**NOW INTO COURT**, through undersigned counsel, come defendants, Amica Mutual Insurance Company and Erin M. Zumdahl, who hereby file this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, and hereby remove this matter to the United States District Court for the Middle District of Louisiana based on diversity jurisdiction, 28 U.S.C. §1332 and avers as follows:

### I.

Plaintiff, Yolla Demian Daher, a person of the age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana who, according to her Petition, suffered injuries and damages on or about March 8, 2022 as a result of a motor vehicle accident while both parties were travelling westbound on North Mall Drive in Baton Rouge, Louisiana.[1]

---

[1] See, Petition for Damages, attached hereto as Exhibit No. "1".

**II.**

On March 4, 2022, plaintiff filed suit against defendants, Amica Mutual Insurance Company and Erin M. Zumdahl in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, alleging injuries and damages as a result of a motor vehicle accident while both parties were travelling westbound on North Mall Drive in Baton Rouge, Louisiana.[2] The Civil Action Number is C-716-521, Section "29", and is entitled "*Yolla Demian Daher v. Amica Mutual Insurance Company and Erin M. Zumdahl*".

## BASIS FOR REMOVAL

**III.**

Defendant, Amica Mutual Insurance Company, was served with the Petition for Damages on March 10, 2022. Erin M. Zumdahl was served with the Petition for Damages on June 8, 2022.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

**IV.**

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

1.  Plaintiff, Yolla Demian Daher, is a citizen of Louisiana;[3]

2.  Defendant, Amica Mutual Insurance Company, is incorporated in the State of Rhode Island and has its principal place of business in the State of Rhode Island. Thus, Amica Mutual Insurance Company is a citizen of the State of Rhode Island.

3.  Defendant, Erin M. Zumdahl, is a citizen of Iowa;

---

[2] See, Petition for Damages, attached hereto as Exhibit No. "1".
[3] See, Petition for Damages, attached hereto as Exhibit No. "1".

## AMOUNT IN CONTROVERSY

### V.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that a plaintiff not petition for a specific monetary amount. La. C.C.P. Art. 893(A)(1). However, La. C.C.P. Art. 893 does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount *is required,*" which plaintiff failed to do in this case. *(emphasis added).*

### VI.

Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; however, defendants are not required "to prove to a legal certainty" that plaintiff will recover more than the jurisdictional amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (citing, *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720 (5th Cir. 2002). Instead, the removing party needs to prove only that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required

jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. Also, a removing attorney may support federal jurisdiction by setting forth facts in controversy that support a finding of the required amount in controversy. *Garza v. Bettcher Indus. Inc.*, 752 F.Supp. 753, 763 (E.D. Mich. 1990).

### VII.

Plaintiff, Yolla Demian Daher, alleges that she is entitled to the following damages as a result of the incident at issue:

1. Physical pain and suffering;

2. Mental anguish and emotional distress;

3. Inconvenience and loss of enjoyment of life;

4. Medical and related expenses;

Plaintiff's petition alleges that plaintiff, Yolla Demian Daher, suffered past and future physical and mental pain and suffering. The physical injuries are to her back and neck as well as headaches. Undersigned counsel has been advised by plaintiff's counsel that plaintiff is still treating for her injuries. Additionally, undersigned counsel sent a stipulation to plaintiff's counsel indicating that once all defendants were served the case would be removed unless they could sign the stipulation that the case is worth less than $75,000.00. (See, Exhibit No. "2", correspondence to plaintiff's counsel and stipulation, dated May 6, 2022.). Plaintiff's counsel responded that plaintiff was still treating. (See, email from plaintiff's counsel dated May 18, 2022, attached as Exhibit No. "3"). Undersigned counsel sent another email to plaintiff's counsel on June 14, 2022 indicating that the case would be removed if the stipulation was not signed. (See, Exhibit No. "4", June 14, 2022 email). On June 16, 2022, undersigned counsel received an email from plaintiff's

counsel indicating that they refused to sign the stipulation. (See, Exhibit No. "5", dated June 16, 2022 email). Therefore, plaintiff's unwillingness to stipulate indicates that she does not believe that the amount in controversy is less than $75,000.00. Based upon the foregoing, it is more likely than not that the amount in controversy of plaintiff's claim is in excess of $75,000.00, exclusive of interest and costs.

## VIII.

Once defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000.00, plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *Grant,* 309 F.3d at 869 (citing, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdiction amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit with their complaint. *De Anguilar v. Boeing Co.*, 47 F.3d at 412. Once defendants have removed the case *St. Paul* makes later filings irrelevant, *De Anguilar v. Boeing Co.*, 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); and citing, *In Re: Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992). (*emphasis added*). In this case, plaintiff has not and will not file a binding stipulation.

## IX.

Further citing, *St. Paul Mercury*, the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar*, 47 F.2d at 1409.

**X.**

Defendant, Amica Mutual Insurance Company, was served with the Petition for Damages on March 10, 2022. Erin M. Zumdahl was served with the Petition for Damages on June 8, 2022. Pursuant to 28 U.S.C. §1446(b)(2)(c), removal is proper and timely because it is taking place within thirty (30) days of service on defendant, Erin M. Zumdahl. Additionally, there are no other defendants in the case. Thus, the "rule of unanimity" has been satisfied.

**XI.**

All defendants who have been properly served consent to the removal of this case to federal court.

**XII.**

The above captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446.

**XII.I**

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

**XIV.**

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

**XV.**

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

Accordingly, defendants, Amica Mutual Insurance Company and Erin M. Zumdhal, ask

that the above-captioned action be removed to this Court, the United States District Court for the

Middle District of Louisiana, in accordance with the provisions of 28 U.S.C. §1441, *et seq*.

| **CERTIFICATE OF SERVICE** | Respectfully Submitted: |
|---|---|
| I do hereby certify that I have on this the 17th day of June 2022, served a copy of the foregoing pleading on counsel for all parties to this proceeding either by e-mailing, faxing or by mailing the same by United States mail, properly addressed and first-class postage prepaid.<br><br><br>  */s/ Anne E. Medo*_____ | **DEUTSCH KERRIGAN, LLP**<br><br>BY:  */s/ Anne E. Medo*_____<br>**SEAN P. MOUNT, #27584**<br>**smount@deutschkerrigan.com**<br>**ANNE E. MEDO, #24556**<br>**amedo@deutschkerrigan.com**<br>755 Magazine Street<br>New Orleans, LA 70130<br>Telephone: 504-581-5141<br>**Attorneys for defendants, Amica Mutual Insurance Company and Erin M. Zumdahl** |